UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAQUAVION JOHNSON,

    Petitioner,

    v.                                CAUSE NO. 3:21-CV-98-RLM-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

DaQuavion Johnson, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-20-8-504) at the Miami Correctional Facility in which a disciplinary hearing officer found him guilty of possessing a cellphone in violation of Indiana Department of Correction Offense 121. Mr. Johnson was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Mr. Johnson argues that he is entitled to habeas relief because he didn't possess a deadly weapon. He asserts that another inmate took responsibility for the cellphone found in his cell.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

> Departmental policy defines possession as:
>
> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control.

ECF 7-13 at 6. The administrative record includes a conduct report in which a correctional officer represents that he found a cellphone in the desk in Mr. Johnson's cell. ECF 7-1. It also includes a photograph of the cellphone. ECF 7-3. The conduct report and the photograph constitute some evidence that Mr. Johnson committed the offense of possessing a cellphone as defined by departmental policy. While the administrative record also contains a statement from another inmate that he left the cellphone in Mr. Johnson's cell, neither ownership or knowledge are elements of the offense, and, even if they were, the hearing officer wasn't required to credit this statement. The claim that the hearing officer didn't have sufficient evidence is not a basis for habeas relief.

Mr. Johnson argues that he is entitled to habeas relief because the hearing officer wasn't court-certified and because he did not receive a hearing within timeframe set forth by departmental policy. Certification requirements for hearing officers and holding hearings within a particular timeframe are not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in Wolff v. McDonnell, 418 U.S. 539 (1974), and the Supreme Court has indicated that this list of requirements is exhaustive. White v. Indiana Parole Bd., 266 F.3d 759, 768 (7th Cir. 2001) (citing Baxter v. Palmigiano, 425 U.S. 308, 324

2

(1976)). Additionally, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). These claims are not a basis for habeas relief.

Because Mr. Johnson hasn't asserted a valid claim for habeas relief, the court denies the habeas petition. Mr. Johnson doesn't need a certificate of appealability to appeal this decision because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). However, he can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES DaQuavion Johnson leave to proceed in forma pauperis on appeal.

SO ORDERED on October 19, 2021

                                                       s/ Robert L. Miller, Jr.
                                                      JUDGE
                                                      UNITED STATES DISTRICT COURT